IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BERNARD MATHIS**                                                                       **PETITIONER**

**v.**                                                                   **No. 3:20CV213-NBB-RP**

**RONALD WAYNE KING**                                                **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Bernard Mathis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Mathis has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed with prejudice as untimely filed.

**Facts and Procedural Posture**

On June 16, 2011, Mathis was indicted as a habitual offender under Miss. Code Ann. § 99-19-81 for burglary of a dwelling with the intent to commit larceny. Exhibit A (Indictment). On July 10, 2013, Mathis pled guilty to burglary of a dwelling as a habitual offender under Miss. Code Ann. § 99-19-81. Exhibit B (2013 Plea Petition); see also Exhibit C (2013 Plea and Sentence Hearing Transcript). The trial court sentenced Mathis to fifteen years, with eight years to serve, seven years suspended, and five years of supervised probation. Exhibit D (2013 Sentencing Order); see also Exhibit C.

On March 18, 2014, Mathis filed a "Motion for Post Conviction Collateral Relief Pursuant to Intervening Decision by United State Supreme Court" ("PCR Motion"), in which he alleged a confrontation clause violation under *Bullcoming v. New Mexico* and a claim that his indictment was insufficient. Exhibit E. In the "Order Directing State to Respond," the trial court

ordered "the State to show how the indictment is not fatally flawed[,]" as "the facts shown to the [trial court] at the plea hearing represent the underlying crime to be assault, not larceny." Exhibit F; see also Exhibits A, C. The trial court then held a hearing on Mathis' PCR motion on June 1, 2015, where "[b]y agreement of the parties, as stated in the record at th[e] hearing, th[e c]ourt did vacate and set aside the conviction and sentence imposed by th[e c]ourt in LK11-218 on July 10, 2013." Exhibit G (Order).3

On June 1, 2015, the trial court set aside Mathis's 2013 guilty plea and vacated his sentence. Exhibit H (Order). On the same day, Mathis again pled guilty as a habitual offender under Miss. Code Ann. § 99-19-81 to burglary of a dwelling. Exhibit I (2015 Plea Petition). By Sentencing Order filed June 2, 2015, the trial court sentenced Mathis to fifteen years, with eight years to serve, seven years suspended, and five years of supervised probation and "credited [Mathis] for the time served since July 10, 2013[.]" Exhibit J (2015 Sentencing Order). Mathis is thus currently serving his sentence for his 2015 guilty plea.

The records of the Lafayette County Circuit Court Clerk reflect that Mathis signed a "Motion to Set Aside Sentence" on April 13, 2020, which was filed in Cause No. L14-103 on April 20, 2020, in which Mathis alleged that his sentence violates the Double Jeopardy Clause. The trial court considered Mathis's motion under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) and denied relief on June 12, 2020, finding that "it plainly appears from the face of the motion and prior proceedings that the Petitioner is not entitled to any relief." Exhibit K (Motion and Order). Neither the circuit clerk's docket nor the records of the Mississippi Supreme Court reflect that Mathis appealed the trial court's denial of this motion, and the time for doing so has long passed. See Miss. R. App. P. 4.

The records of the Lafayette County Circuit Court Clerk further reflect that Mathis signed a "Motion for Post-Conviction Collateral Relief" on July 7, 2020, which was filed in Cause No. L20-314 on August 14, 2020, alleging that he is unlawfully being held in custody because the trial court vacated his conviction and sentence on June 1, 2015. The trial court considered Mathis's motion pursuant to the Mississippi UPCCRA and dismissed the motion as both successive and time barred on August 21, Neither the circuit clerk's docket nor the records of the Mississippi Supreme Court reflect that Mathis appealed the trial court's denial of this motion, and as with his prior motion, the time for doing so has passed. See Miss. R. App. P. 4.

In addition, after entry of his guilty plea, the Lafayette County Circuit Court Clerk's records also reflect that, between December 2015 and July 2019, Mathis filed approximately five motions requesting a parole hearing or parole eligibility, all of which the trial court denied. Exhibit M (Cumulative Exhibit of Motions and Orders denying them).[1] The Mississippi Supreme Court records reflect that Mathis initiated two mandamus proceedings. SCR, Cause Nos. 2016-M-1568 and 2020-M-588.

### One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[1] As Mr. Mathis does not challenge his parole eligibility in the instant Petition [1], none of these motions served to statutorily toll his one-year federal habeas statute of limitations, as they did not challenge "the pertinent judgment or claim" in the instant petition for a writ of *habeas corpus*. See 28 U.S.C. § 2244(d)(2).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. Mathis' conviction became final on June 2, 2015, the day the circuit court sentenced him on his guilty plea. Thus, his deadline to seek federal *habeas corpus* relief became June 2, 2016 (June 2, 2015 + 1 year). As set forth above, the earliest of Mr. Mathis' requests for state post-conviction collateral relief was filed on April 20, 2020, nearly four years after the federal *habeas corpus* deadline expired. As such, none of these proceedings operate to toll the limitations period under § 2244(d)(2), and his *habeas corpus* filing deadline remains June 2, 2016. In addition, as mandamus proceedings do not entitle a petitioner to statutory tolling under 28 U.S.C. § 2244(d)(2), Petitioner's federal petition for a writ of *habeas corpus* thus remained due in this Court on or before June 2, 2016. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002).

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the

district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on July 7, 2020, and the date it was received and stamped as "filed" in the district court on July 21, 2020. The instant petition was thus filed more than four years after the June 2, 2016, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of August, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE